UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

MICHAEL NAUGHTON, as Administrator of
the Estate of Tariq Abdullah-El, aka Duval H.
Naughton; and LYNN F. NAUGHTON,

                  Plaintiff,

   -against-

DUVAL H. NAUGHTON, Jr.; JP MORGAN
CHASE BANK, N.A.; and COUNTRYWIDE
HOME LOANS INC.,

                  Defendants.

---------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 2 3 2011 ★

BROOKLYN OFFICE

## MEMORANDUM & ORDER

11-CV-2865 (SLT) (LB)

**TOWNES, United States District Judge:**

Pro se Plaintiffs Michael Naughton and Lynn F. Naughton filed this fee-paid complaint on June 14, 2011, against Duval H. Naughton, Jr. ("Duval Jr."), JP Morgan Chase Bank, N.A., ("JPMC") and Countrywide Home Loans Inc ("Countrywide"). Plaintiff Michael Naughton purports to file as the administrator of the Estate of Tariq Abdullah-El, a/k/a Duval H. Naughton ("Duval Sr."). Plaintiffs are hereby directed to amend the Complaint within thirty (30) days in order to assert a valid basis for this Court's jurisdiction and to demonstrate Michael Naughton's capacity to proceed pro se on behalf of his father's estate or to retain counsel to represent the estate.

## I.    BACKGROUND

Plaintiffs state that they are, respectively, the son and ex-wife of Duval Sr. The following facts are taken from the complaint. In 1964, Duval Sr. and Lynn F. Naughton purchased a property located at 938 Bushwick Avenue in Brooklyn ("938 Bushwick"). In 1984, the couple divorced, but the divorce judgment did not address disposition of the marital property.

Accordingly, 938 Bushwick was thereafter owned by Duval Sr. and Lynn F. Naughton as tenants-in-common. On May 11, 1992, Duval Sr., who had used but never legally changed his name to Tariq Abdulla-El, died intestate, reverting his share of the property to his seven children as his heirs-at-law. Among these children are Plaintiff Michael Naughton and Defendant Duval Jr. Plaintiffs attach Letters of Administration dated March 14, 2007, naming Michael Naughton as Administrator of the Estate of Tariq Abdullah-El.

According to the complaint, Duval Jr. presently claims ownership of the entire property by a deed dated January 17, 2002. Plaintiffs allege that Duval Jr. acquired Lynn F. Naughton's interest in the property by deceptively inducing her to sign a transfer deed that she believed to be an authorization to perform work on the home, and that he transferred Duval Sr.'s interest to himself. Thereafter, Plaintiffs claim that Duval Jr. wrongfully obtained five separate mortgages against the property, including two from Countrywide and one from JPMC, and that Countrywide has since commenced proceedings against the property.

Plaintiffs allege that Duval Jr. "admitted on record that false information appeared in these mortgage applications" and that "the banks had a responsibility to [do their] due . . . diligence." They assert federal jurisdiction pursuant to 18 U.S.C. §§ 1014, 1344, and 1957, and seek damages in the amount of $50 million from Countrywide, $10 million from JPMC, and $450,000 from Duval Jr. They also seek to have the existing mortgages cancelled and to have the property legally transferred to the estate.

## II.    STANDARD OF REVIEW

In reviewing Plaintiffs' filings, the Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

2

lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not include "detailed factual allegations," it must do more than put forth "labels and conclusions." Id. at 555. A claim will be considered "plausible on its face . . . when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, a pro se complaint should not be dismissed without granting the pro se plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam).

## III.    DISCUSSION

### A.    Pro Se Litigant Capacity to Represent Estate

As noted, the caption of the complaint identifies Michael Naughton as "Administrator of the Estate of Tariq Abudullah-El aka Duval H. Naughton." Generally, "an individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002) (quoting Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir.1998)); see 28 U.S.C. § 1654 ("Parties may plead and conduct their own cases personally or by counsel."). In the estate context, however, the Second Circuit has held that "the administrator and sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate" because this individual "is the only party affected by the disposition of the suit" and therefore is "in fact, appearing solely on his own behalf." Guest v. Hansen, 603 F.3d 15, 21 (2d Cir. 2010) (emphasis added). Conversely, "an administrator of an estate may not proceed pro se

3

when the estate has beneficiaries or creditors other than the litigant." Huertas v. City of New York, No. 05 Civ. 6236 (DLC) (MHD), 2006 WL 3420828, at *1 (S.D.N.Y. Nov. 27, 2006) (citing Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997)).

In this case, Michael Naughton has not alleged that he is the sole beneficiary of his father's estate or that there are no creditors – indeed, the complaint names seven children as his father's heirs-at-law. Michael Naughton therefore has not demonstrated that he may appear pro se in his capacity as the administrator. If he remains unable to do so, he must find counsel to represent his father's estate or else face dismissal. See id. (directing pro se plaintiff administrator of estate to retain new counsel to avoid dismissal).

**B.    Subject Matter Jurisdiction**

Moreover, not every action has a home in federal court. Pursuant to Article III of the United States Constitution, "federal courts are courts of limited jurisdiction." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009). In order for a federal court to exercise subject-matter jurisdiction, a plaintiff must either (1) put forth a claim "arising under the Constitution, laws or treaties of the United States," creating "federal question" jurisdiction under 28 U.S.C. § 1331; or (2) show that the action is between "citizens of different states" for an amount exceeding $75,000, creating "diversity jurisdiction" under 28 U.S.C. § 1332(a). It is well established that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Natl. Comm. to Pres. Soc. Sec. & Medicare v. Philip Morris USA Inc., No. 09-2321-cv, 2010 WL 3933494, at *1 (2d Cir. Oct. 8, 2010) (summary order).

In this case, Plaintiffs assert the Court's jurisdiction on the basis of several sections of the United States Criminal Code, namely 18 U.S.C. §§ 1014, 1344, and 1957. As a general matter,

4

the Second Circuit has "long recognized that crimes are prosecuted by the government, not by private parties." Hill v. Didio, 191 Fed. Appx. 13, 14-15 (2d Cir. 2006) (citing Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972)). Indeed, none of the criminal statutes cited by Plaintiffs provides for a private cause of action. See Vallejo v. WMC Mortg. Corp., No. 09-cv-1748 (NGG) (JMA), 2009 WL 1405522, at *1 (E.D.N.Y. May 19, 2009) (no private cause of action under § 1014); Rivera v. Golden Nat'l Mortg. Banking Corp., No. 00 Civ. 4368 (DAB), 2001 WL 716908, at *3 (S.D.N.Y. June 26, 2001) (no private cause of action under § 1344); Spiegel v. Quality Bakers of America Co-op., Inc., No. 91 Civ. 5703 (KTD), 1992 WL 349799, at *3 (S.D.N.Y. Nov. 10, 1992) (no private cause of action under §1957).

Plaintiffs have not directly asserted, or suggested through facts in their complaint, any other basis for federal question jurisdiction in this case. Diversity jurisdiction also appears unavailable because Michael Naughton and Duval Jr. both reside in New York. Nevertheless, in light of their pro se status, the Court grants Plaintiffs leave to amend their complaint to assert a basis for subject matter jurisdiction. See Gomez, 171 F.3d at 795.


## IV.    CONCLUSION

For the reasons set forth above:

1.    Plaintiffs are granted thirty days from the date of this Memorandum and Order to file an amended complaint that asserts a valid basis for this Court's jurisdiction over their claims. Additionally, to the extent that Plaintiff Michael Naughton wishes to proceed pro se on behalf of his father's estate, he must demonstrate that he is the sole beneficiary of the estate and that the estate lacks creditors. In the alternative, he may retain counsel to represent his father's estate or bring suit on his own behalf. Plaintiffs are advised that any amended complaint they file will completely replace the original complaint. It must be captioned, "AMENDED COMPLAINT," and bear docket number 11-CV-2865. If Plaintiffs fail to amend the complaint within the time allowed and/or the

amended complaint fails to correct the original's deficiencies, the action will be dismissed.

2.     Defendant Duval H. Naughton, Jr.'s request for a pre-motion conference (Docket No. 5) is denied with leave to renew.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

   **SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: *August 22*, 2011
         Brooklyn, New York